IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUSSAM MUHI EDDIN ALHABASH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-310-E |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

AND NOW, this 8th day of November, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, and finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly evaluate the evidence showing his severe visual impairments and did not adequately review

1

---

the opinions of several medical experts, thereby creating an inaccurate residual functional capacity ("RFC"). (Doc. No. 6). Specifically, Plaintiff argues the ALJ improperly determined his RFC by failing to include non-exertional limitations incorporating his severe visual impairments resulting from his ocular melanocytosis, primary open angle glaucoma, amblyopia, and presbyopia. (*Id.* at 6-8). Additionally, Plaintiff contends the ALJ did not comply with the applicable regulations when evaluating the opinions of Drs. Paul Fox, M.D., and Justine Magurno, M.D. (*Id.* at 8-10). The Court disagrees with Plaintiff and finds instead that substantial evidence supports the ALJ's RFC finding and his ultimate determination that Plaintiff is not disabled.

In this matter, the ALJ evaluated all the evidence and limited Plaintiff to the following RFC:

> [T]he claimant is limited to no more than occasional balancing, crawling, crouching, kneeling, stooping, and climbing of ramps and stairs only; the claimant is limited to no more than frequent overhead reaching and no more than frequent work above shoulder level with the dominant right upper extremity; the claimant must avoid concentrated exposure to dusts, fumes, odors, gases, poorly ventilated environments, as well as extremes of temperature, wetness, humidity, and vibration; the claimant must avoid unprotected heights, dangerous moving machinery, commercial driving, and other workplace hazards; the claimant is limited to jobs involving no more than understanding, retaining, and following simple instructions, for example following one-to-two step tasks or instructions; the claimant is limited to jobs that are not performed in a production-rate environment such as assembly line work.

(R. 2221). While Plaintiff is correct that this RFC does not account for Plaintiff's depth perception impairment, Plaintiff overlooks that the RFC precludes work around hazards. Nevertheless, the Court is not persuaded that this was harmful error.

Plaintiff contends that the ALJ's RFC finding is in error because it directly contradicts a statement within the ALJ's decision. Specifically, the ALJ stated, "in light of the claimant's visual deficits, the undersigned has precluded work around hazards as well as occupations requiring precise depth perception." (R. 2227). Although Plaintiff is accurate in stating that this statement contradicts the RFC finding, which contains no preclusion of occupations requiring depth perception, the Court finds this is harmless error as the ALJ's identified representative occupations do not require precise depth perception, as categorized by the Dictionary of Occupational Titles ("DOT").

"An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover."

2

---

*Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); *see also Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (holding that remand is not necessary where the error would not affect the outcome of the case). While the Court is not required to order remand "in quest of a perfect opinion" the harmless error doctrine is one that the Court employs cautiously when reviewing the Commissioner's final decisions. *Hayes v. Berryhill*, No. 3:17-CV-00648, 2018 WL 3596858, at *7 (M.D. Pa. June 20, 2018), report and recommendation adopted, No. 3:17-CV-648, 2018 WL 3584698 (M.D. Pa. July 26, 2018) (citing *Moua v. Colvin*, 541 F. App'x 794, 798 (10th Cir. 2013)). Here, the ALJ's error was harmless because the representative occupations he identified do not require depth perception. The ALJ identified the following as representative occupations that Plaintiff could perform given his RFC: (1) photocopy machine operator (DOT # 207.685-014); (2) folding machine operator (DOT # 208.685-014), and housekeeping cleaner (DOT # 323.687-014). (R. 2231). The DOT states that each of these occupations do not require depth perception. DOT ## 207.685-014, 208.685-014, 323.687-014 (stating depth perception is "[n]ot present – activity or condition does not exist"). In reply, Plaintiff provides no explanation as to why he could not perform these occupations, instead reasserting that these were the products of a defective RFC. (Doc. No. 10 at 2-3). Accordingly, the Court finds the ALJ's error as to this point was harmless.

The Court also finds no merit in Plaintiff's argument that the ALJ failed to accurately evaluate the opinions of Drs. Fox and Magurno. Plaintiff contends the ALJ did not adequately explain how these opinions were consistent with or supported by the record. (Doc. No. 6 at 8-10). Plaintiff is correct that these factors are important to the ALJ's analysis of medical opinions; indeed, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 416.920c(b) and (c). One court has explained the distinction between supportability and consistency thus: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Here, the ALJ adequately analyzed Dr. Fox's opinion. Specifically, the ALJ stated as follows:

> Dr. Paul Fox, the state agency medical consultant, opined that the claimant is limited to work at the light exertional level with no more than occasional postural activities and must avoid concentrated exposure to extremes of temperature, wetness, humidity, and vibration. (Exhibit 1A/8-10). In addition, Dr. Fox opined that the claimant must avoid all exposure to workplace hazards. (Exhibit 1A/8-10). As noted in the opinion, the claimant has a medically determinable impairment of degenerative disc

> disease confirmed by diagnostic imaging as well as radicular pain symptoms supported by electromyography. (Exhibit 39F/10-13). The limitation to light work with associated postural limitations thus appears to be a reasonable guard against exacerbating the claimant's pain symptoms. (Exhibit 1A/8-10). The environmental limitations likewise are intended to guard against an exacerbation of the claimant's pain symptoms. (Exhibit 1A/10). The undersigned has added additional limitations such as limited reaching with the dominant right upper extremity limited exposure to pulmonary irritants due to the claimant's degenerative joint disease of the right shoulder and complaints of fatigue, respectively. Moreover, for the undersigned the limitation on workplace hazards is warranted by the claimant's visual deficits in addition to any potential exacerbation of his pain complaints. Apart from these discrepancies, the undersigned considers the residual functional capacity set forth herein to be substantially consistent with that articulated by Dr. Fox.

(R. 2229). This analysis shows that the ALJ analyzed the consistency of Dr. Fox's opinion against the wider record as he stated that Dr. Fox's opined limitations were reasonable guards against pain symptoms demonstrated within the record. Moreover, the ALJ evaluated the supportability of Dr. Fox's opinion by stating that Dr. Fox noted Plaintiff had degenerative disc disease and that the limitations provided in his opinion accounted for symptoms from this disease. (*See* Ex. 1A/8-10). Plaintiff does not take issue with the ALJ's summary of the record, but instead asserts that the ALJ "only provided a conclusory opinion" in analyzing Dr. Fox's opinion. (Doc. No. 6 at 9). Given that the above demonstrates that the ALJ properly analyzed this opinion, pursuant to the governing regulations, the Court finds no merit to Plaintiff's argument on this point.

Likewise, the ALJ conducted a sufficient analysis of Dr. Magurno's opinion. The ALJ found this opinion partially persuasive after conducting this thorough analysis:

> The July 2017 opinion of the medical consultative examiner, Dr. Justine Magurno, is only partially persuasive because it is only partially consistent with and supported by other substantial evidence of record. (Exhibit 9F). Dr. Magurno opined that the claimant was limited to work at the light exertional level, but he was further limited to sitting, standing, and walking each for one hour at a time without interruption, and a total of five hours in an eight-hour workday due to cervical and lumbar degenerative disc disease. (Exhibit 9F/6-7). Dr. Magurno also limits the claimant to no more than frequent operation of foot controls as well as no more than frequent pushing, pulling, and overhead reaching with the right upper extremity. (Exhibit 9F/8). Finally, the claimant is also limited to no more than frequent postural activities with the exception of crawling and

> climbing ladders or scaffolds, which are limited to occasionally and never, respectively. (Exhibit 9F/9). Dr. Magurno's opinion appears internally inconsistent with the results of her own examination. The assessed limitations are attributed to the claimant's cervical and lumbar degenerative disc disease. (Exhibit 9F/6-10). Upon examination, however, the claimant appeared in no acute distress and exhibited a normal gait and stance as well as undiminished strength in all extremities. While the examination noted evidence of absent right thigh sensation, that finding was not documented in any of the treating doctors['] contemporaneous records (Exhibit 9F/3-4). In addition, the claimant was able to heel-and-toe walk without difficulty, perform a full squat, and transition from a seated to a standing position without difficulty. (Exhibit 9F/3). The claimant's straight-leg-raising test was negative bilaterally in both the seated and the supine position. (Exhibit 9F/4). Similarly, Dr. Magurno's opinion is externally inconsistent because it conflicts with other substantial evidence of record. The only diagnostic imaging of the claimant's cervical spine was normal in July 2020. (Exhibit 33F/42). Similarly, an MRI scan of the claimant's lumbar spine in July 2016 reportedly showed degenerative disc disease at L3-S1, but with no disc herniation, no significant stenosis, and no endplate changes. (Exhibit 5F/63). The claimant's treating orthopedist noted very mild findings in January 2017 and advised the claimant to follow-up as needed. (Exhibit 5F/61-64). Similarly, the claimant's treating neurosurgeon, nothing that the claimant was neurologically intact, advised the claimant to undergo physical therapy with further diagnostic imaging if therapy proved unsuccessful. (Exhibit 20F/1-3). A subsequent MRI scan of the claimant's lumbar spine in July 2022 showed only mild degenerative changes with a small retrolisthesis of the lumbar spine, but no significant central canal or neural foraminal stenosis. (Exhibit 39F/13). Dr. Magurno's opinion does not attempt to reconcile the assessed limitations either with the mild findings on the claimant's diagnostic imaging or the results of her own examination.

(R. 2230).

As this detailed paragraph shows, the ALJ analyzed the consistency and supportability of Dr. Magurno's opinion. Specifically, the ALJ evaluated the consistency of Dr. Magurno's opinion against the record and explained that it conflicted with other evidence, including imaging of Plaintiff's lumbar spine and his treating orthopedist's and neurosurgeon's findings. Plaintiff takes issue with the fact that the ALJ did not weigh the consistency of this opinion against evidence from other medical sources. (Doc. No. 6 at 10). However, Plaintiff overlooks that there is no requirement that ALJs specifically catalogue consistencies between medical opinions in their decisions. *See* 20 C.F.R. §

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 5) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 8) is GRANTED.

s/Mark R. Hornak, J.

ecf:        Counsel of record

---

416.927(c)(4) (stating medical opinions are evaluated for consistency against the record as a whole). Additionally, the ALJ stated that Dr. Magurno's opinion was not supported by her own examination as she opined that Plaintiff had many postural limitations, but her examination showed unremarkable findings, including that Plaintiff was not in acute distress and had few limitations in areas of walking, standing, and squatting. In sum, the ALJ thoroughly analyzed the consistency and supportability of Dr. Magurno's opinion and reasonably reached the conclusion that this opinion was only partially persuasive.

Plaintiff next argues the ALJ "cherry picked" imaging studies of record to discredit Dr. Magurno's opinion and relied on his own lay interpretation of these imaging studies in violation of the regulations. (Doc. No. 6 at 9-10). Plaintiff points to a September 2020 right shoulder MRI, a July 2022 lumbar MRI, and EMG findings he believes to be consistent with Dr. Magurno's opinion. (*Id.* at 9-10). However, Plaintiff overlooks that the ALJ *did* consider his lumbar MRI and the EMG. (R. 2223-24). The Court finds no error as to the ALJ's failure to specifically address the right shoulder MRI, showing a "partial tear at distal insertion posterior supraspinatus tendon of rotator cuff right shoulder[,]" as the ALJ documented Plaintiff's right shoulder pain extensively. (*See* R. 2223-26). It is well established that an ALJ is under no obligation to cite every single piece of evidence within the record. *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009). Further, the Court finds no error in the ALJ's characterization of these imaging studies as the ALJ accurately described the impressions of the imaging studies, and Plaintiff does not point to a supporting explanation of the imaging studies by another medical source that the ALJ purportedly ignored. Accordingly, Plaintiff's argument on this point fails.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.